IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | **NO. 99-267** |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **RICHARD LOWERY** | : | **NO. 07-817** |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                               December 16 , 2008


Now before the Court is Petitioner's pro se Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion"). For the reasons discussed below, the Motion will be denied.

**I. BACKGROUND**

On October 7, 1999, Petitioner Richard Lowery ("Petitioner") entered a plea of guilty to one count of being an armed career criminal in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). During the plea colloquy, Petitioner admitted that he unlawfully possessed a loaded Uzi semiautomatic weapon on August 13, 1997 in connection with a crime of violence At the plea hearing, he agreed with the Government that as part of the offense conduct in this case, he fired the Uzi at the two arresting officers. See Oct. 7, 1999 Plea Hr'g Tr. 23-32 (presenting the facts the Government was prepared to prove at trial, including its conclusion that "at some point, the defendant fired the Uzi at the officers"); see also id. at 33 ("THE COURT: And let me ask Mr. Lowery, you've just heard [the Government] summarize the facts that [it]

-1-

would be prepared to prove at trial.  Do you agree that the Government has accurately summarized the facts?  THE DEFENDANT: Yeah.").

On April 10, 2000, this Court held a sentencing hearing.  At that hearing, the parties agreed that based on Petitioner's total offense level of 31 and criminal history category of VI, the appropriate guideline range was 188 to 235 months.  In determining the total offense level, the Court calculated Petitioner's base offense level as 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A) for use or possession of a firearm in connection with a crime of violence, based on the finding that he fired the Uzi at police officers.[1]  This base offense level was reduced to a total offense level of 31 based on Petitioner's acceptance of responsibility.  After hearing presentations from the parties and testimony from witnesses in support of Petitioner, the Court sentenced him to a term of 215 months of imprisonment, to be followed by five years of supervised release.

On March 20, 2001, Petitioner filed a pro se Motion Pursuant to 28 U.S.C. § 2555 to Vacate, Set Aside, or Correct Sentence.  In that motion, he argued, inter alia, that his trial counsel was ineffective for failing to file a direct appeal.[2]  On November 23, 2004, after an evidentiary hearing, the Court reinstated Petitioner's right to perfect a timely appeal.[3]  On appeal, Petitioner

---

[1]  Petitioner's signed guilty plea agreement stipulates to a base offense level of 34, based on his use or possession of the firearm in connection with a crime of violence.  At the plea hearing, Petitioner informed the Court that he understood and agreed with the terms of his plea agreement.  See Oct. 7, 1999 Plea Hr'g Tr. 16.

[2]  In the same motion, Petitioner argued that trial counsel was ineffective for failing to challenge the validity of his arrest and the seizure of the firearm.  He also argued that the Court violated Federal Rule of Criminal Procedure 11 by failing to explain the nature of supervised release at his guilty plea hearing.  The Court rejected these claims as meritless.

[3]  At the evidentiary hearing, Petitioner testified that he asked his trial counsel to file an appeal, but that no appeal was filed.  Petitioner's trial counsel testified that he did not remember specifically whether Petitioner made such a request.  The Court did not find that

successfully argued that he was entitled to a resentencing hearing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Lowery, 161 F. App'x 226, 227 (3d Cir. 2006).[4]

On July 19, 2006, the Court held a resentencing hearing. In Petitioner's Resentencing Memorandum and at the resentencing hearing itself, Petitioner argued that the Government failed to prove by a preponderance of the evidence that he had fired the Uzi at the arresting officers. He claimed that as he attempted to remove the Uzi from his waistband, the gun discharged into his leg. The Court overruled Petitioner's objection and adopted the conclusion in the presentence investigation report that he had fired the weapon at the police officers. Accordingly, the Court found a base offense level of 34 pursuant to U.S.S.G. § 4B1.4(b)(3)(A) and reduced the offense level by three based on Petitioner's acceptance of responsibility, resulting in a total offense level of 31. Based on a criminal history category of VI, Petitioner's guideline range remained 188 to 235 months. The Court then resentenced Petitioner to 200 months of imprisonment, to be followed by three years of supervised release.

## II. DISCUSSION

In the instant Motion, Petitioner argues that at his original sentencing hearing, his trial

---

Petitioner's trial counsel was ineffective, but gave Petitioner "the benefit of any doubt" and permitted him to perfect an appeal based on the evidence he presented. Nov. 23, 2004 Order.

[4]   Petitioner raised two other issues on appeal. First, he argued that he should not have been sentenced as an armed career criminal because his prior convictions were not charged in the Indictment. The Third Circuit rejected this claim on the merits. See Lowery, 161 F. App'x at 227. Second, he argued that the Court improperly sentenced him to five years of supervised release instead of the three years the parties stipulated to in the plea agreement. The Third Circuit found this issue moot in light of its decision to remand for resentencing. Id.

counsel failed to object to the inaccurate statement in the presentence investigation report that he fired the Uzi at the police officers. According to Petitioner, this failure deprived him of the right to effective assistance of counsel guaranteed by the Sixth Amendment.

In order to prevail, Petitioner must prove (a) deficient performance by counsel and (b) actual prejudice as a result of the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999). To satisfy the first prong of Strickland, Petitioner must show that his counsel's representation fell below an "objective standard of reasonableness." 466 U.S. at 688. The Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689. Under the second prong of the Strickland test, "[i]t is not enough for [Petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. The question, instead, is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Petitioner fails to meet either prong of the Strickland test. The Court rejects his argument that trial counsel was deficient for failing to object to the presentence investigation report. At the resentencing hearing, Petitioner's resentencing counsel objected strenuously to the report's conclusion that Petitioner fired the Uzi. After reviewing resentencing counsel's written arguments in the Resentencing Memorandum and considering counsel's oral arguments at the sentencing hearing, the Court overruled the objection and concluded that the Government met its

burden by a preponderance of the evidence. Because the Court determined that the objection lacked merit at the resentencing hearing, it cannot conclude that Petitioner's trial counsel was ineffective for failure to raise the objection at the original sentencing hearing. See, e.g., Moore v. Deputy Comm'rs of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991) (explaining that trial counsel could not be ineffective for failing to object to a jury charge where that charge was justified based on the evidence presented); Sheppard v. Diguglielmo, 2005 U.S. Dist. LEXIS 39258, at *12 (E.D. Pa. Dec. 22, 2005) (explaining that under Strickland, "counsel's performance cannot be deemed objectively unreasonable for failing to raise a meritless claim").

Moreover, Petitioner cannot prove prejudice resulting from trial counsel's allegedly deficient performance during the original sentencing hearing. As discussed above, the Third Circuit remanded this case for a full resentencing in light of Booker. Accordingly, Petitioner is not serving the allegedly prejudicial sentence imposed at his initial sentencing hearing. Rather, he is serving a sentence imposed after resentencing counsel submitted pages of documentary evidence and made lengthy presentations to the Court in objecting to the presentence investigation report. Petitioner makes no argument that trial counsel's failure to object in any way inhibited resentencing counsel's ability to object to the report. Because any prejudice Petitioner allegedly suffered dissipated once his original sentence was vacated, the Court concludes that he has failed to satisfy the second Strickland requirement.[5]

---

[5] In a later filing in support of his Motion, Petitioner contends that resentencing counsel failed to submit an internal affairs report on the circumstances of his arrest. To the extent that he is attempting to raise a claim of ineffective assistance of his resentencing counsel, the Court also rejects that argument, as resentencing counsel submitted the complete internal affairs report as Exhibit G to his Resentencing Memorandum.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner has failed to establish either element of his ineffective assistance of counsel claim.[6] Because Petitioner has not made the requisite showing of the denial of a constitutional right, a certificate of appealability should not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate Order follows.

---

[6] Petitioner also requests an evidentiary hearing on his claim. Because, as discussed above, the Court finds the claim meritless, it will deny his request for an evidentiary hearing. See Rule 4(b) of the Rules Governing Section 2255 Proceedings (requiring summary dismissal of a 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | **NO. 99-267** |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **RICHARD LOWERY** | : | **NO. 07-817** |

**ORDER**

**AND NOW**, this 16th day of December, 2008, upon consideration of Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (docket no. 68) and all responses thereto, and for the reasons stated in the accompanying memorandum, it is **ORDERED** that:

(1)   The Motion is **DENIED**.

(2)   Petitioner's Motion for an Evidentiary Hearing (docket no. 82) is **DENIED**.

(3)   The Clerk of the Court shall mark Civil Action No. 07-817 **CLOSED**.

(4)   Because there is no probable cause to issue a certificate of appealability, no certificate of appealability shall issue.

BY THE COURT:


 S/ BRUCE W. KAUFFMAN
BRUCE W. KAUFFMAN,  J.